UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARTIN PROFESSIONAL A/S and
MARTIN PROFESSIONAL, INC.,
                      Plaintiffs,

    v.

ROBE SHOW LIGHTING S.R.O. and
ROBE AMERICA, LLC,
                   Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

:
:
:
:
:
:
:

Case No.  07-cv-3529 (JSR) (FM)

**JURY TRIAL DEMANDED**

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
### AND ROBE AMERICA, LLC'S COUNTERCLAIMS

Defendants Robe Show Lighting S.R.O. and Robe America, LLC, by and through their undersigned counsel, answer Plaintiffs' Martin Professional A/S and Martin Professional, Inc. (collectively, "Plaintiffs") Complaint (the "Complaint"), as follows:

    1.    Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of the Complaint, and therefore deny same.

    2.    Defendants lack knowledge or information sufficient to form a belief as to the allegations contained in paragraph 2 of the Complaint, and therefore deny same.

    3.    Admitted.

    4.    Admitted.

    5.    Defendants admit that this Court has subject matter jurisdiction over Plaintiffs' claims, but Defendants deny that Plaintiffs have a valid cause of action for patent infringement, or that there are Federal statutes known as 35 U.S.C. §§ 1331 or 1338(a) which grant this Court jurisdiction over Plaintiffs' claims.

    6.    Denied.

7.    Denied.

8.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint, and therefore deny same.

9.    Denied.

10.    Denied.

11.    Denied.

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint, and therefore deny same.

13.    Denied.

14.    Denied.

15.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**Non-Infringement of United States Patent No. 6,601,973 (the "'973 Patent")**

16.    Defendants have not and do not infringe, induce infringement of, or contributorily infringe any claim of the '973 Patent, either literally or under the doctrine of equivalents.

### SECOND AFFIRMATIVE DEFENSE

**Non-Infringement of United States Patent No. 6,971,770 (the "'770 Patent")**

17.    Defendants have not and do not infringe, induce infringement of, or contributorily infringe any claim of the '770 Patent, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### Invalidity and Unenforceability of the '973 Patent

18.    Upon information and belief, the claims of '973 Patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FOURTH AFFIRMATIVE DEFENSE
### Invalidity and Unenforceability of the '770 Patent

19.    Upon information and belief, the claims of the '770 Patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

## FIFTH AFFIRMATIVE DEFENSE
### Estoppel

20.    Plaintiffs are estopped from construing any claim of either the '973 Patent or the '770 Patent to be infringed or to have been infringed, either literally or by application of the doctrine of equivalents, by any method or product manufactured, used, imported, sold or offered for sale by Defendants in view of the prior art; and/or because of disclosure or language in the specification of the '973 or '770 Patents; and/or because of limitations in the claims of the '973 or '770 Patents.

## SIXTH AFFIRMATIVE DEFENSE
### Failure to Mark Or Give Notice

21.    Upon information and belief, Plaintiffs are barred from recovering damages under 35 U.S.C. § 287 because they failed to mark their commercial embodiments.

## SEVENTH AFFIRMATIVE DEFENSE
### Laches, Waiver and Estoppel

22.    Upon information and belief, Plaintiffs' claims are barred by the doctrines of laches, waiver and/or estoppel because Plaintiffs have unreasonably delayed in asserting their purported rights under the '973 and '770 Patents (collectively, the "Patents-in-Suit") to the prejudice of Defendants.

## EIGHTH AFFIRMATIVE DEFENSE
### Patent Misuse

23.    Upon information and belief, the Patents-in-Suit are unenforceable because Plaintiffs are guilty of patent misuse in that they have sought to impermissibly broaden the physical scope of the grant of the Patents-in-Suit with anticompetitive effect.

## NINTH AFFIRMATIVE DEFENSE
### Reservation of Rights

24.    Defendants reserves the right to assert additional defenses which may become apparent during discovery in this action.

## COUNTERCLAIMS

Defendant, Robe America, LLC ("Counterclaimant"), by and through its undersigned counsel, hereby counterclaims against Plaintiffs Martin Professional A/S and Martin Professional, Inc. (collectively, "Plaintiffs"), and in support thereof, allege as follows:

1.    Plaintiffs filed this Complaint against Counterclaimant seeking, *inter alia*, a judgment that Counterclaimant infringed the claims of United Stated Patent Nos. 6,601,973 (the "'973 Patent) and 6,971,770 (the "'770 Patent") (the '973 Patent and '770 Patent, collectively, the "Patents-in-Suit").  As a result of the filing of the Complaint, an immediate and justiciable controversy exists between Plaintiffs and Counterclaimant regarding the alleged infringement and validity of the Patents-in-Suit.

4

2.     The following counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1, *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

3.     This Court had personal jurisdiction over the Plaintiffs because, *inter alia*, the Plaintiffs have submitted to the jurisdiction of this Court by filing the Complaint.

4.     Subject matter jurisdiction in this Court is proper under, *inter alia*, 28 U.S.C. §§ 1331 and 1338.

5.     Plaintiffs have selected this venue by filing their Complaint with this Court.

## COUNT ONE
### (Declaration of Non-infringement of the '973 Patent)

6.     Counterclaimant realleges and incorporates by reference all allegations contained in Paragraphs 1 through 5 of its Counterclaims.

7.     Upon information and belief, Counterclaimant has not infringed, is not infringing and will not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '973 Patent.

8.     Upon information and belief, Counterclaimant has not induced, is not inducing and will not induce infringement, either literally or under the Doctrine of Equivalents, of any valid and enforceable claim of the '973 Patent.

9.     This action is an exceptional case under 35 U.S.C. § 285, and Counterclaimant is entitled to reimbursement of attorneys' fees, costs, and expenses from Plaintiffs.

10.     Counterclaimant seeks a declaration that Counterclaimant has not and does not infringe, contribute to the infringement of, or induce the infringement of, any claims of the '973 Patent, either literally or under the doctrine of equivalents

## COUNT TWO

### (Declaration of Non-infringement of the '770 Patent)

11.    Counterclaimant realleges and incorporates by reference all allegations contained in Paragraphs 1 through 5 of its Counterclaims.

12.    Upon information and belief, Counterclaimant has not infringed, is not infringing and will not infringe, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '770 Patent.

13.    Upon information and belief, Counterclaimant has not induced, is not inducing and will not induce infringement, either literally or under the Doctrine of Equivalents, of any valid and enforceable claim of the '770 Patent.

14.    This action is an exceptional case under 35 U.S.C. § 285, and Counterclaimant is entitled to reimbursement of attorneys' fees, costs, and expenses from Plaintiffs.

15.    Counterclaimant seeks a declaration that Counterclaimant has not and does not infringe, contribute to the infringement of, or induce the infringement of, any claims of the '770 Patent, either literally or under the doctrine of equivalents

## COUNT THREE

### (Declaration of Invalidity of the '973 Patent)

16.    Counterclaimant realleges and incorporates by reference all allegations contained in Paragraphs 1 through 5 of its Counterclaims.

17.    Upon information and belief, the claims of the '973 Patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

18.    This action is an exceptional case under 35 U.S.C. § 285, and Counterclaimant is entitled to reimbursement of attorneys' fees, costs, and expenses from Plaintiffs.

19.    Counterclaimant seeks a declaration that the '973 Patent and each and every claim contained therein is invalid and unenforceable for failure to satisfy one or more of the conditions for patentability specified under United States patent law, 35 U.S.C. § 1, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

## COUNT FOUR
### (Declaration of Invalidity of the '770 Patent)

20.    Counterclaimant realleges and incorporates by reference all allegations contained in Paragraphs 1 through 5 of its Counterclaims.

21.    Upon information and belief, the claims of the '770 Patent are invalid for failure to comply with requirements of the patent laws of the United States, including without limitation, 35 U.S.C. §§ 101, 102, 103 and/or 112.

22.    This action is an exceptional case under 35 U.S.C. § 285, and Counterclaimant is entitled to reimbursement of attorneys' fees, costs, and expenses from Plaintiffs.

23.    Counterclaimant seeks a declaration that the '770 Patent and each and every claim contained therein is invalid and unenforceable for failure to satisfy one or more of the conditions for patentability specified under United States patent law, 35 U.S.C. § 1, et seq., including but not limited to 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

## PRAYER FOR RELIEF

**WHEREFORE,** Counterclaimant respectfully requests that this Court enter a Judgment and Order:

(a)    dismissing the Complaint, and each and every claim for relief contained therein, with prejudice;

(b)    declaring Counterclaimant has not infringed and is not infringing any valid and enforceable claim of the '973 Patent;

(c)    declaring Counterclaimant has not infringed and is not infringing any valid and enforceable claim of the '770 Patent;

(d)    declaring Counterclaimant has not induced and is not inducing infringement of any valid and enforceable claim of the '973 Patent;

(e)    declaring has not induced and is not inducing infringement of any valid and enforceable claim of the '770 Patent;

(f)    declaring all claims of the '973 Patent invalid;

(g)    declaring all claims of the '770 Patent invalid;

(h)    declaring this an exceptional case under 35 U.S.C. § 285 and awarding Counterclaimant its attorneys' fees, costs, and expenses; and

(i)    granting Counterclaimant such other and further relief as this Court deems just and proper.

Dated: New York, New York
       June 29, 2007

DREIER LLP

By: _____

    Seth H. Ostrow (SO 9605)
    Arianna Frankl (AF 7764)
    Karine Louis (KL 6652)

499 Park Avenue
New York, New York 10022
Telephone:  (212) 328-6100
Facsimile:  (212) 600-9499

KLUGER, PERETZ, KAPLAN & BERLIN, P.L.
Michael B. Chesal, Esq.
(*Pro Hac Vice* Admission Pending)
201 S. Biscayne Bldv., 17th Floor
Miami, Florida  33131
Telephone: (305) 379-9000
Facsimile:  (305) 379-3428
Email: mchesal@kpkb.com

Attorneys for Defendants Robe Show
Lighting S.R.O. and Robe America, LLC

## DEMAND FOR JURY TRIAL

Defendants Robe Show Lighting S.R.O. and Robe America, LLC hereby demand trial by jury of all claims and issues so triable.

Dated: New York, New York
      June 29, 2007

<div style="margin-left: 40%">

DREIER LLP



By:_____
    Seth H. Ostrow (SO 9605)
    Arianna Frankl (AF 7764)
    Karine Louis (KL 6652)

499 Park Avenue
New York, New York 10022
Telephone:  (212) 328-6100
Facsimile:  (212) 600-9499

KLUGER, PERETZ, KAPLAN & BERLIN, P.L.
Michael B. Chesal, Esq.
(*Pro Hac Vice* Admission Pending)
201 S. Biscayne Bldv., 17th Floor
Miami, Florida  33131
Telephone:  (305) 379-9000
Facsimile:  (305) 379-3428
Email: mchesal@kpkb.com

Attorneys for Defendants Robe Show
Lighting S.R.O. and Robe America, LLC

</div>

10

## DECLARATION OF SERVICE

I, Karine Louis, declare that on the 29th day of June 2007, I caused a true and correct copy of Defendants' Answer and Affirmative Defenses and Robe America, LLC's Counterclaims, to be served upon the following persons in the manner indicated:

*By ECF Service and First Class Mail*:

Douglas R. Nemec
Skadden, Arps, Slate,Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Emily Justine Zelenock
Skadden, Arps, Slate, Meagher & Flom LLP
Four Times Square
New York, NY 10036

James Lydell Leonard
Skadden, Arps, Slate, Meagher & Flom, LLP
Four Times Square
New York, NY 10036

Attorneys for Plaintiffs Martin Professional A/S
and Martin Professional, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of June 2007 at New York, New York.

_____Karine Louis_____
Karine Louis

269074

11