UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARTIN PROFESSIONAL A/S and      :
MARTIN PROFESSIONAL, INC.,

        Plaintiffs,        :

    v.               :    Case No.  07-cv-3529 (JSR)

ROBE SHOW LIGHTING S.R.O. and    :
ROBE AMERICA, LLC,

        Defendants.     :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## JOINT CONFERENCE STATEMENT

Plaintiffs Martin Professional A/S and Martin Professional, Inc. (collectively, "Martin")
and defendants Robe Show Lighting, s.r.o. and Robe America, LLC (collectively, "Robe") have
conferred through counsel pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and
submit this Joint Conference Statement in preparation for the July 11, 2007, 11:00 a.m., Court
Conference.  The parties' positions on the issues identified in Rule 26(f) are set forth below, with
specific references to plaintiffs' and defendants' competing proposals for a Civil Case
Management Plan, attached hereto as Exhibits A and B, respectively.

**1.**    **Fed. R. Civ. P. 26(f)(1):**

The parties agree that they will exchange initial disclosures under Rule 26(a)(1) of the
Federal Rules of Civil Procedure by July 27, 2007.

**2.**    **Fed. R. Civ. P. 26(f)(2):**

**Plaintiffs' Position:**Plaintiffs propose that discovery proceed according to the schedule
attached as Exhibit A, which is based upon the Court's model Case Management Plan and targets
a trial-ready date of December 11, 2007.

**Defendants' Position:** Defendants propose that deadlines be set according to the schedule attached as Exhibit B, which is based upon the Court's model Case Management Plan and acknowledges that, under the circumstances, the case cannot be ready for trial before May 12, 2008.

**3.      Fed. R. Civ. P. 26(f)(4):**

The parties agree regarding the need for a protective order governing the treatment of discovery materials and information exchanged in the litigation.  The parties will submit a mutually acceptable protective order after further consultation.

**4.      Fed. R. Civ. P. 26(f)(5):**

The parties do not believe any change to the Federal Rules of Civil Procedure or the Court's Local Rules is required with respect to deposition numbers or limits on the number of interrogatories.

The parties respectfully request that the Court issue an Order under Rule 16(b) of the Federal Rules of Civil Procedure implementing a schedule and such other provisions governing discovery and pretrial activities as it deems proper following the July 11, 2007 Court Conference.

Dated: July 3, 2007

*Attorneys for Plaintiffs*
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

Douglas R. Nemec
Emily Zelenock
James Leonard, Jr.
Four Times Square
New York, New York 10036
Tel. (212)735-3000
Fax (212)735-2000

*Attorneys for Defendants*
DREIER LLP

Seth H. Ostrow (SO 9605)
Arianna Frankl (AF 7764)
Karine Louis (KL 6652)
499 Park Avenue
New York, New York 10022
Tel. (212)328-6100
Fax (212) 600-9499

KLUGER, PERETZ, KAPLAN
& BERLIN, P.L.
Michael B. Chesal, Esq.
(*Pro Hac Vice* Admission Pending)
201 S. Biscayne Blvd., 17th Floor
Miami, Florida 33131
Telephone: (305) 379-9000
Facsimile: (305) 379-3428

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARTIN PROFESSIONAL A/S and        :
MARTIN PROFESSIONAL, INC.,

         Plaintiffs,        :

              Case No.  07-cv-3529 (JSR) (FM)

   v.        :

ROBE SHOW LIGHTING S.R.O. and        :   **CIVIL CASE MANAGEMENT PLAN**
ROBE AMERICA, LLC,
        Defendants.        :

- - - - - - - - - - - - - - - - - - - - - - - - - - -x

## This Court requires that this case shall be <u>ready for trial</u> on <u>DECEMBER 11, 2007.</u>

After consultation with counsel for the parties, the following Case Management Plan is adopted.  This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.     The case <u>is</u> to be tried to a jury.

B.     Joinder of additional parties must be accomplished by <u>July 18, 2007</u>.

C.     Amended pleadings may be filed without leave of Court until <u>July 25, 2007.</u>

D.     Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

    1.     Documents. First request for production of documents, if any, must be served by <u>July 30, 2007</u>. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

    2.     Interrogatories. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by <u>August 22, 2007</u>. No other interrogatories are permitted except upon prior express permission of Judge Rakoff. No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).  No later than <u>July 30, 2007</u>, Plaintiff shall serve upon Defendants a preliminary statement containing the following information: (a) each claim of each patent in suit that is allegedly infringed by each Defendant; (b) separately for each asserted claim, each accused product of each Defendant of which it is aware, including a chart identifying specifically where each element of each asserted claim is found within each accused product; (c) whether each element of each asserted claim is alleged to be literally present of present under the doctrine of equivalents in each accused product; and (d) the priority date to which each asserted claim is alleged to be entitled. No later than <u>August 20, 2007</u>, Defendants shall serve upon Plaintiffs a preliminary statement containing the following information: (a) the identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious, specifically

identifying each combination of prior art alleged to render each asserted claim obvious; and (b) a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found.

3.  Experts. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by September 28, 2007. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by October 12, 2007. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts may be deposed, but such depositions must occur within the time limit for all depositions set forth below.

4.  Depositions. All depositions (including any expert depositions, see item 3 above) must be completed by October 31, 2007. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(l) or until four weeks from the date of this Order, whichever is earlier. Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5.  Requests to Admit. Requests to Admit, if any, must be served by October 1, 2007.

6.  All discovery is to be completed by October 31, 2007. Interim deadlines for items 1-5 above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E.  Each party shall file its opening brief on claim construction issues on October 31, 2007. Each party shall files its responsive claim construction brief on November 11, 2007.

F.  Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week following the close-of-discovery date (item D-6 above) and provided that the moving papers are served by November 5, 2007, answering papers by November 19, 2007, and reply papers by December 3, 2007. Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that reply papers are served and filed, counsel for the parties must arrange to deliver a courtesy non-electronic hard copy of the complete set of papers to the Courthouse for delivery to Chambers.

G.  A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions or claim construction issues, shall be held on _____ [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

H.     All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

DATED: New York, New York

_____

_____
JED S. RAKOFF
U.S.D.J.

# EXHIBIT B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARTIN PROFESSIONAL A/S and
MARTIN PROFESSIONAL, INC.,                       :

             Plaintiffs,                              :

                              Case No.  07-cv-3529 (JSR) (FM)

      v.                                       :

ROBE SHOW LIGHTING S.R.O. and          :    **CIVIL CASE MANAGEMENT PLAN**
ROBE AMERICA, LLC,
             Defendants.                       :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**Defendants submit that under the circumstances, the case
cannot be ready for trial before May 12, 2008**

After consultation with counsel for the parties, the following Case Management Plan is adopted.  This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A.     The case **is** to be tried to a jury.

B.     Joinder of additional parties must be accomplished by August 31, 2007.

C.     Amended pleadings may be filed without leave of Court until September 14, 2007.

D.     Discovery (in addition to the disclosures required by Fed. R. Civ. P. 26(a)):

     1.     Documents. First request for production of documents, if any, must be served by July 30, 2007. Further document requests may be served as required, but no document request may be served later than 30 days prior to the date of the close of discovery as set forth in item 6 below.

     2.     Interrogatories. Interrogatories pursuant to Rule 33.3(a) of the Local Civil Rules of the Southern District of New York must be served by November 30, 2007. No other interrogatories are permitted except upon prior express permission of Judge Rakoff.  No Rule 33.3(a) interrogatories need be served with respect to disclosures automatically required by Fed. R. Civ. P. 26(a).  No later than September 30, 2007, Plaintiff shall serve upon Defendants a preliminary statement containing the following information: (a) each claim of each patent in suit that is allegedly infringed by each Defendant; (b) separately for each asserted claim, each accused product of each Defendant of which it is aware, including a chart identifying specifically where each element of each asserted claim is found within each accused product; (c) whether each element of each asserted claim is alleged to be literally present or present under the doctrine of equivalents in each accused product; and (d) the priority date to which each asserted claim is alleged to be entitled. No later than November 30, 2007, Defendants shall serve upon Plaintiffs a preliminary statement containing the following information: (a) the identity of each item of prior art

that allegedly anticipates each asserted claim or renders it obvious, specifically identifying each combination of prior art alleged to render each asserted claim obvious; and (b) a chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found.

3.   Experts. Every party-proponent of a claim (including any counterclaim, cross-claim, or third-party claim) that intends to offer expert testimony in respect of such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by January 23, 2008. Every party-opponent of such claim that intends to offer expert testimony in opposition to such claim must make the disclosures required by Fed. R. Civ. P. 26(a)(2) by February 15, 2008. No expert testimony (whether designated as "rebuttal" or otherwise) will be permitted by other experts or beyond the scope of the opinions covered by the aforesaid disclosures except upon prior express permission of the Court, application for which must be made no later than 10 days after the date specified in the immediately preceding sentence. All experts must be deposed by March 17, 2008.

4.   Depositions. All depositions (excluding expert depositions, see item 3 above) must be completed by December 31, 2007. Unless counsel agree otherwise or the Court so orders, depositions shall not commence until all parties have completed the initial disclosures required by Fed. R. Civ. P. 26(a)(l) or until four weeks from the date of this Order, whichever is earlier.  Depositions shall proceed concurrently, with no party having priority, and no deposition shall extend beyond one business day without prior leave of the Court.

5.   Requests to Admit. Requests to Admit, if any, must be served by March 17, 2008

6.   All non-expert discovery is to be completed by December 31, 2007. Interim deadlines for items 1-5 above may be extended by the parties on consent without application to the Court, provided the parties are certain they can still meet the non-expert discovery completion date set forth in this paragraph, which shall not be adjourned except upon a showing to the Court of extraordinary circumstances.

E.   Each party shall file its opening brief on claim construction issues on November 30, 2007.  Each party shall files its responsive claim construction brief on December 17, 2007.

F.   Post-discovery summary judgment motions in the form prescribed by the Court's Individual Rules of Practice may be brought on without further consultation with the Court provided that a Notice of any such motion, in the form specified in the Court's Individual Rules of Practice, is filed no later than one week following the close-of-expert-discovery date (item D-3 above) and provided that the moving papers are served by March 24, 2008, answering papers by April 8 2008, and reply papers by April 15, 2008. Each party must file its respective papers with the Clerk of the Court on the same date that such papers are served. Additionally, on the same date that reply papers are served and filed, counsel for the parties must arrange to deliver a courtesy non-electronic hard copy of the complete set of papers to the Courthouse for delivery to Chambers.

G.   A final pre-trial conference, as well as oral argument on any post-discovery summary judgment motions or claim construction issues, shall be held on _____ [date to be inserted by the Court], at which time the Court shall set a firm trial date. The timing and other requirements for the Joint Pretrial Order and/or other pre-trial submissions shall be governed by the Court's Individual Rules of Practice.

H.     All motions and applications shall be governed by Judge Rakoff's Individual Rules of Practice. Counsel shall promptly familiarize themselves with all of the Court's Individual Rules, as well as with the Local Rules for the United States District Court for the Southern District of New York.

SO ORDERED.

DATED: New York, New York

          _____

                                          _____

                                          JED S. RAKOFF
                                          U.S.D.J.