IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
MARTIN PROFESSIONAL A/S,                :
MARTIN PROFESSIONAL, INC.,              :   Case No. 07-CV-3529 (JSR) (FM)
                                        :   ECF CASE
            Plaintiffs,                 :   Documents Electronically Filed
                                        :
      v.                                :
                                        :
ROBE SHOW LIGHTING S.R.O., and          :   JURY TRIAL DEMANDED
ROBE AMERICA, LLC,                      :
                                        :
            Defendants.                 :
-----------------------------------------------------------------x
```

## MARTIN PROFESSIONAL A/S'S AND MARTIN PROFESSIONAL, INC.'S ANSWER TO THE COUNTERCLAIMS OF ROBE AMERICA, LLC

Plaintiffs and Counterclaim-Defendants Martin Professional A/S and Martin Professional, Inc. (collectively, "Martin"), by and through their attorneys, answer Defendant and Counterclaimant Robe America, LLC's ("Counterclaimant") Counterclaims ("Counterclaims"), as follows:

1. Regarding the allegations contained in the first sentence of Paragraph 1 of the Counterclaims, Martin admits to filing a complaint against Counterclaimant seeking, *inter alia*, a judgment that Counterclaimant infringed the claims of United States Patent Nos. 6,601,973 ("the '973 Patent") and 6,971,770 ("the '770 Patent"). The allegations contained in the second sentence of Paragraph 1 of the Counterclaims set forth conclusions of law for which no response is required.

2. The allegations contained in Paragraph 2 of the Counterclaims set forth conclusions of law for which no response is required.

3. Martin admits the allegations contained in Paragraph 3 of the Counterclaims for jurisdictional purposes only.

4. Regarding the allegations contained in Paragraph 4 of the Counterclaims, Martin admits that subject matter jurisdiction in this Court is proper under 28 U.S.C. §§1331 and 1338(a).

5. Martin admits the allegations contained in Paragraph 5 of the Counterclaims.

## Count One

### (Declaration of Non-infringement of the '973 Patent)

6. Paragraph 6 is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

7. Martin denies the allegations in Paragraph 7 of the Counterclaims.

8. Martin denies the allegations in Paragraph 8 of the Counterclaims.

9. Martin denies the allegations in Paragraph 9 of the Counterclaims.

10. The allegations contained in Paragraph 10 of the Counterclaims set forth conclusions of law for which no response by Martin is required.

## Count Two

### (Declaration of Non-Infringement of the '770 Patent)

11. Paragraph 11 is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

12. Martin denies the allegations in Paragraph 12 of the Counterclaims.

13. Martin denies the allegations in Paragraph 13 of the Counterclaims.

14. Martin denies the allegations in Paragraph 14 of the Counterclaims.

15. The allegations contained in Paragraph 15 of the Counterclaims set forth conclusions of law for which no response is required.

## Count Three

### (Declaration of Invalidity of the '973 Patent)

16. Paragraph 16 is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

17. Martin denies the allegations in Paragraph 17 of the Counterclaims.

18. Martin denies the allegations in Paragraph 18 of the Counterclaims.

19. The allegations contained in Paragraph 19 of the Counterclaims set forth conclusions of law for which no response is required.

## Count Four

### (Declaration of Invalidity of the '770 Patent)

20. Paragraph 20 is not believed to contain any allegations not already answered and, to the extent that it does contain additional allegations, those allegations are denied.

21. Martin denies the allegations in Paragraph 21 of the Counterclaims.

22. Martin denies the allegations in Paragraph 22 of the Counterclaims.

23. The allegations contained in Paragraph 23 of the Counterclaims set forth conclusions of law for which no response is required.

## AFFIRMATIVE DEFENSES

For its affirmative defenses, Martin states as follows:

### First Affirmative Defense

### (Failure to State a Claim)

24. The Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

### (Preservation of Affirmative Defenses)

25. Martin reserves the right to rely on such other and further affirmative defenses as may be supported by facts to be determined through full and complete discovery and to amend its Answer to assert such affirmative defenses.

WHEREFORE, Martin requests that this Court enter a judgment against the Counterclaimant as follows:

A. Dismissing with prejudice the Counterclaims against Martin;

B. Granting Martin its reasonable costs and expenses and attorney's fees; and

C. Awarding such other and further relief as this Court may deem just and proper.

Dated: July 19, 2007.                                         Respectfully Submitted,

/s/ Douglas R. Nemec
Douglas R. Nemec
Emily J. Zelenock
James L. Leonard, Jr.
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036

Attorneys for Plaintiffs/
Counterclaim-Defendants
Martin Professional A/S and
Martin Professional, Inc.

# **CERTIFICATE OF SERVICE**

I, Douglas R. Nemec, declare that on the 19th day of July 2007, I caused a true and correct copy of MARTIN PROFESSIONAL A/S'S AND MARTIN PROFESSIONAL, INC.'S ANSWER TO THE COUNTERCLAIMS OF ROBE AMERICA, LLC to be served upon the following person in the manner indicated:

*By First Class Mail postage prepaid:*

Michael B. Chesal, Esq.
KLUGER, PERETZ, KAPLAN
& BERLIN, P.L.
201 S. Biscayne Blvd., 17th Floor
Miami, Florida  33131

*Attorney for Defendants Robe Show Lighting
S.R.O. and Robe America, LLC.*

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of June at New York, New York.

/s/ Douglas R. Nemec
Douglas R. Nemec